Filed 6/29/26  P. v. Howard CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DOMINICK ELIJAH HOWARD,<br><br>    Defendant and Appellant. | B342993<br><br>(Los Angeles County<br>Super. Ct.<br>No. VA132212-01) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Maria Andrea Davalos, Judge.  Affirmed.

John Lanahan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Dominick Elijah Howard (defendant) contends the trial court erred "in denying [his] request for a jury trial in the event the court would … reimpose an upper base term sentence" during resentencing proceedings pursuant to Penal Code[1] sections 1172.1 and 1172.75. Pointing to a split of authority on the issue (see *People v. Gonzalez* (2024) 107 Cal.App.5th 312 (*Gonzalez*) and *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455 (*Brannon-Thompson*)), and the fact that the issue is currently pending before the Supreme Court in *People v. Eaton*[2] (Mar. 14, 2025, C096853) (nonpub. opn.), review granted May 14, 2025, S289903, defendant urges us to follow *Gonzalez*. We disagree.

We affirm.

## BACKGROUND[3]

In 2015, a jury convicted defendant of one count of grand theft (§ 487, subd. (c); count 1) and one count of second degree robbery (§ 211; count 2).

The trial court sentenced defendant to an aggregate term of 15 years as a second-strike defendant. Specifically, the court imposed the high term of five years in count 2, doubled pursuant to the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12), and

---

[1]     Unless otherwise designated, all further statutory references are to the Penal Code.

[2]     The Supreme Court granted review in *People v. Eaton, supra,* C096853, to resolve the following question: "May a trial court reimpose a previously imposed upper term sentence under Penal Code section 1172.75, subdivision (d)(4) where the facts underlying one or more aggravating circumstances were neither stipulated to by the defendant nor found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial (cf. Pen. Code, § 1170, subd. (b)(2); *id.*, § 1172.75, subd. (d)(2))?"

[3]     Because the facts of the underlying offense are not relevant to the issues presented, we omit them.

imposed a five-year enhancement pursuant to section 667, subd. (a)(1). The court imposed and stayed sentence on a one-year section 667.5, subdivision (b) enhancement. Sentence on count 1 was stayed pursuant to section 654.

On appeal, we reversed and struck the conviction on count 1 as an unauthorized conviction of both a greater and lesser included offense. We otherwise affirmed judgment on count 2. (*People v. Howard* (Oct. 26, 2016, B262667) [nonpub. opn.].)

In 2022, defendant was identified by the California Department of Corrections and Rehabilitation (CDCR) as an individual serving a sentence that may include an enhancement pursuant to section 667.5, subdivision (b), and therefore eligible for relief pursuant to section 1172.75. The court appointed counsel to represent defendant and set the matter for hearing. On November 5, 2024, defendant, through counsel, filed a resentencing petition pursuant to sections 1172.75 and 1172.1, which included (1) a psychiatric report written by Dr. Jack Rothberg in 2014 at the time of defendant's original sentencing; (2) certificates of completion from defendant's time in custody; (3) a letter from the Department of Mental Health; (4) "relevant central file information"; (5) a conditional letter of employment; and (6) an offer of support services for defendant upon release.

On December 24, 2024, the court held a resentencing hearing, during which it struck the one-year section 667.5, subdivision (b) enhancement. The court otherwise reimposed the same sentence, including the upper term sentence in count 2.

Defendant filed a timely notice of appeal.

## DISCUSSION

**The trial court did not err in reimposing an upper term sentence during resentencing pursuant to section 1172.75**

### A. *Relevant facts*

Ahead of resentencing, defendant filed a sentencing brief asking the court to strike the one-year prison prior enhancement and conduct a full resentencing wherein the court would dismiss

3

the prior strike conviction pursuant to *People v. Superior Court*
(*Romero*) (1996) 13 Cal.4th 497, strike the five-year enhancement
imposed pursuant to section 667, subdivision (a)(1), and impose a
lower term sentence on count 2. Relevant here, defendant asked
the court to impose the low term pursuant to section 1170,
subdivision (b)(6) because he "experienced psychological,
physical, or childhood trauma" within the meaning of section
1170, subdivision (b)(6)(A) and he was a youth at the time of the
offense as described in section 1170, subdivision (b)(6)(B).

During the resentencing hearing, defense counsel relied on
*Gonzalez, supra*, 107 Cal.App.5th 312, and asked the court to
resentence defendant to the low or middle term because "no
aggravating factors were stipulated to or proven beyond a
reasonable doubt by a jury." Alternatively, defense asked the
court to "strike the nickel prior under [section] 667(a)" because
the "prior District Attorney's position was not to file those" and
because defendant was 21 years old at the time of the offense and
was 18 years old at the time of his prior strike conviction, and his
sentence of 15 years was "inordinately lengthy" given the
relatively minor nature of the offense. He asked the court to
impose the low term of two years, doubled to four years as a
second striker. In support of the request, defense counsel pointed
to family and community support available to defendant upon his
release. Finally, defense counsel indicated defendant was due to
be released from CDCR custody in July 2025.[4]

---

[4]     According to defendant and, based on our search of the
CDCR's inmate locator, it appears defendant has been released.
We address the appeal because, while we do not know
defendant's supervision status, it is possible if he had been
resentenced to the low or middle term, he would have been
released with reduced postrelease supervision. (See *People v.
Washington* (2026) 117 Cal.App.5th 1057, 1061 ["resentencing
such a subsequently released defendant [is not] an empty
exercise, as it can afford practical relief that includes shortening
the applicable parole term"].)

The People opposed defendant's requests based on the nature of the offense. Specifically, the victim was 66 years old and "minding her own business" and defendant's actions demonstrated "very poor impulse control." The People pointed to the fact defendant was on parole at the time of the instant offense and had "a significant history for someone … so young." The People listed defendant's criminal history.

The court discussed defendant's difficult upbringing, "which nobody should go through," but the court found defendant had not done the work in custody to rehabilitate. The court indicated it "spent a long time reviewing [defendant's] C[entral]-file" and expressed concern over defendant's disciplinary history, including write-ups as recently as 2024. The court listed many of defendant's in-custody infractions, including two 2022 "battery on a peace officer" offenses. The court noted defendant's custody has included time spent in state hospitals and listed some of the offenses defendant committed there as well. Defendant's unsatisfactory behavior in state hospital resulted in defendant being returned to the custody of CDCR.

Ultimately, the court found defendant "continue[d] to pose a danger" and found it could not "in good conscience release him early to the public." The court struck the now-invalid section 667.5, subdivision (b) enhancement and kept the remainder of defendant's sentence intact.

As discussed, on appeal defendant contends the trial court erred in reimposing the upper term because there were no aggravating circumstances found beyond a reasonable doubt by the jury or stipulated to as required by section 1170, subdivision (b).[5] We disagree.

---

[5] We note this is the thrust of defendant's argument. However, he frames the issues as a denial of his "request for a jury trial in the event the trial court would (and did) reimpose" the upper term on count 2. We find no such request in the record, and defendant does not point to one.

**B.** *Standard of review*

We review the trial court's sentencing decision pursuant to section 1172.75 for abuse of discretion and ""'ask whether the trial court's findings of fact are supported by substantial evidence, whether its rulings of law are correct, and whether its application of the law to the facts was neither arbitrary nor capricious.'"" (*People v. Garcia* (2024) 101 Cal.App.5th 848, 857.)

We review issues of statutory interpretation de novo. (*Brannon-Thompson, supra*, 104 Cal.App.5th at p. 466.) "Our goal in reviewing statutory language is to determine the legislative intent of the statute. [Citation.] 'Because the statutory language is generally the most reliable indicator of that intent, we look first at the words themselves, giving them their usual and ordinary meaning.' [Citations.] When the statutory language is unambiguous, its plain meaning controls." (*Ibid.*)

**C.** *Section 1172.75*

Section 1172.75, subdivision (a) states, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5 … is legally invalid." When a judgment includes such an enhancement, "the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) Section 1172.75 requires full resentencing for all defendants who qualify for recall of sentence under the statute. (*People v. Rogers* (2025) 108 Cal.App.5th 340, 361 (*Rogers*).) The court may "revisit all prior sentencing decisions" (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425) and ""'has jurisdiction to modify *every* aspect of the sentence, and not just the portion subjected to the recall'"" (*Rogers, supra,* at p. 358).

Section 1172.75, subdivision (d)(1) directs that resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety" and "shall not result in a longer sentence than the one originally

6

imposed." The statute requires the court to apply "changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing" (§ 1172.75, subd. (d)(2)) and provides that the court "may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

Finally, "[u]*nless the court originally imposed the upper term*, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1172.75, subd. (d)(4), italics added.)

### D.   *Section 1170*

"The original version of section 1170 … stated that, when a statute specified three terms, 'the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime.'" (*People v. Dozier* (2025) 116 Cal.App.5th 700, 710, review granted February 11, 2026, S294597 (*Dozier*).) In 2007, *Cunningham v. California* (2007) 549 U.S. 270 (*Cunningham*) held California's determinate sentencing law violated a defendant's Sixth Amendment right to a jury trial by giving the trial judge, rather than the jury, "authority to find the facts that expose a defendant to an elevated 'upper term' sentence." (Cunningham*, supra*, at p. 274.) *Cunningham* suggested the problem could be remedied by either (1) having the jury "find any fact necessary to the imposition of an elevated

7

sentence," or (2) by "permit[ting] judges genuinely 'to exercise broad discretion … within a statutory range.'" (*Id.* at p. 294.)

In response to *Cunningham*, the Legislature followed the second of the two approaches, amending section 1170, subdivision (b) to "eliminate the middle term presumption and instead give the trial court authority to select among any of the three terms as a matter of discretion and without any judicial factfinding." (*People v. Lynch* (2024) 16 Cal.5th 730, 759 (*Lynch*).) This is the statutory provision under which defendant was sentenced.

In 2022, the Legislature amended section 1170, subdivision (b) to reflect the first of the two *Cunningham* approaches. (*Lynch, supra*, 16 Cal.5th at p. 748.) Thus, under the current version of section 1170, subdivision (b), when a statute specifies three possible terms, the middle term is the presumptive sentence and trial court may "'impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of an upper term sentence, and 'the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.'" (*Lynch, supra,* at p. 748.) This change "safeguard[s] the Sixth Amendment jury trial guarantee" by requiring that "'any fact that *exposes* a defendant to a greater *potential* sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence.'" (*Lynch*, *Id.*, at p. 760, original italics, quoting *Cunningham, supra*, 549 U.S. at p. 281.)

### E.    *Analysis*

At the time of defendant's sentencing in 2015, when a statute specified three possible terms, section 1170, subdivision (b) provided the choice between the lower, middle, and upper terms "shall rest within the sound discretion of the court." (Former § 1170, subd. (b), as amended by Stats. 2007, ch. 3, § 2, pp. 6–7; see *Lynch, supra,* 16 Cal.5th at p. 747.) Under this

8

provision, the trial court sentenced defendant to an upper term sentence.

As noted, section 1172.75, subdivision (d)(4) mandates, upon resentencing, a "court may not impose a sentence exceeding the middle term" without heightened factfinding requirements, "[*u*]*nless the court originally imposed the upper term.*" (Italics added.) As noted, Courts of Appeal currently disagree about how to properly interpret the meaning of this provision, and the issue is presently pending before the California Supreme Court in *People v. Eaton, supra*, C096853, review granted.

In *Brannon-Thompson,* the court interpreted section 1172.75, subdivision (d)(4) by looking at the plain language. In so doing, *Brannon-Thompson* found, in cases where a defendant was originally sentenced to an upper term, the resentencing court may reimpose the upper term even if aggravating factors were not found true beyond a reasonable doubt. (*Brannon-Thompson, supra*, 104 Cal.App.5th at p. 458.) The court found, although section 1172.75, subdivision (d)(2) generally requires the resentencing court to apply any ameliorative changes in the law during a section 1172.75 resentencing, subdivision (d)(4) "carves out an exception to the general rule" and "does not require aggravating factors to be found true beyond a reasonable doubt if the upper term was previously imposed." (*Bannon, supra*, at p. 458.) Thus, *Brannon-Thompson* concluded the "plain meaning" of the statute makes it "evident the Legislature intended the new burden of proof amendments to section 1170, subdivision (b) apply only if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing." (*Id.,* at pp. 466–467.)

In *Gonzalez,* the court "acknowledge[d] that the plain language of section 1172.75, subdivision (d)(4), on its face, could be interpreted as not requiring proof of aggravating factors before reimposing an upper term sentence." (*Gonzalez, supra*, 107 Cal.App.5th at pp. 328–329.) However, the *Gonzalez* court was

concerned that "reading an exemption into section 1172.75, subdivision (d)(4) … and thereby allowing a court to resentence a defendant to an upper term sentence without proof beyond a reasonable doubt of aggravating factors, would run afoul of the Sixth Amendment implications identified in *Lynch*[*, supra,* 16 Cal.5th at p. 768]." (*Gonzalez, supra*, at p. 330.) We find no such impediment.

When evaluating the two approaches taken in *Brannon-Thompson* and *Gonzalez,* the court in *People v. Mathis* (2025) 111 Cal.App.5th 359, review granted August 13, 2025, S291628 (*Mathis*) agreed with *Brannon-Thompson*'s conclusion and further concluded the approach did not implicate the Sixth Amendment as *Gonzalez* found. (*Mathis, supra,* at pp. 373–374, see also *People v. Moss* (2026) 120 Cal.App.5th 375, 380 [rejecting *Gonzalez* and adopting the rationale in *Mathis*].) The *Mathis* court reasoned, when a defendant was originally sentenced to an upper term prior to 2022, like defendant here, the statutory scheme "did not run afoul of the Sixth Amendment" because it authorized the imposition of upper term sentences without any additional factfinding. (*Matthis, supra,* at p. 373.) As a result, where "the trial court elects to retain an upper term sentence that complied with the Sixth Amendment when originally imposed, the court need not engage in any additional factfinding under section 1172.75, subdivision (d)(4)." (*Mathis, supra,* at pp. 373–374.) Thus, according to *Mathis,* only "for defendants who did not receive an upper term in their original sentencing, to ensure that any newly imposed upper term sentence is consistent with the Sixth Amendment, [did] the Legislature mandate[] that any such aggravating fact be found pursuant to the heightened factfinding requirements specified in *Cunningham*."[6] (*Mathis, supra,* at p. 373.) Because defendant's

---

[6] We note the court in *Dozier,* went a step further, finding the Sixth Amendment was not implicated for defendants sentenced before section 1170 was amended as a result of

10

sentence comported with Sixth Amendment requirements set forth in *Cunningham,* it "'encounters no Sixth Amendment shoal.'" (*Lynch, supra,* 16 Cal.5th at p. 747.)

*Mathis* further explained, although "we presume that the Legislature intends ameliorative changes in sentencing law to apply in all cases that are nonfinal, including cases which became nonfinal due to resentencing[] [citation] … the Legislature is also free to 'write statutes that provide for a different or more limited form of retroactivity, or for no retroactivity at all,' and it may 'disclaim the application of a new ameliorative law to proceedings that occur after a defendant's conviction or sentence has been vacated.' [Citations.] Section 1172.75, subdivision (d)(4), does exactly that. It expresses the Legislature's intent that the new, heightened factfinding requirements for aggravating factors do not apply where the defendant was originally, lawfully sentenced to an upper term." (*Mathis, supra,* 111 Cal. App.5th at p. 374.) We conclude, pursuant to the plain language of section 1172.75, subdivision (d)(4), the trial court did not err in reimposing the upper term during defendant's resentencing.

## DISPOSITION

The judgment upon resentencing is affirmed.

---

*Cunningham.* Specifically, the court reasoned the Legislature is presumed to have been aware of and intended "that, under section 1172.75, subdivision (d)(4), some defendants previously sentenced to an upper term based on judicial factfinding could be resentenced to an upper term without any new heightened factfinding[; and found t]he Legislature was entitled to make that choice in enacting this ameliorative legislation." (*Dozier, supra,* 116 Cal.App.5th at p. 715, review granted.)

11

                                    CHAVEZ, Acting P. J.


We concur:



RICHARDSON, J.



GILBERT, J.*

*       Retired Presiding Justice of the Court of Appeal, Second
Appellate District, assigned by the Chief Justice pursuant to
article VI, section 6 of the California Constitution.